| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter  **11** |
| ☐ Check if this is an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Desktop Metal Operating, Inc.** | |
|---|---|---|---|
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **FKA  Desktop Metal, Inc.**<br>**DBA  MA Desktop Health** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-4947659** | |
| 4. | Debtor's address | **Principal place of business**<br><br>**63 Third Avenue**<br>**Burlington, MA 01803**<br>Number, Street, City, State & ZIP Code<br><br>**Middlesex**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **N/A** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor __Desktop Metal Operating, Inc.__  Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3332__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. Check **all** that apply:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor  **Desktop Metal Operating, Inc.**  Case number (*if known*) _____
        Name

List all cases. If more than 1, attach a separate list

Debtor **See Rider 1**   Relationship **Affiliate**

District **Southern District Texas**   When _____   Case number, if known _____

| 11. | Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|---|

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No  ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|---|---|---|

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

| 13. | Debtor's estimation of available funds | *Check one:* |
|---|---|---|

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

| 14. | Estimated number of creditors | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ■ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>■ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>■ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| Debtor | Desktop Metal Operating, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **July 28, 2025**
MM / DD / YYYY

**X** **/s/ Andrew Hinkelman**          **Andrew Hinkelman**
Signature of authorized representative of debtor          Printed name

Title  **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X** **/s/ Benjamin L. Wallen**          Date  **July 28, 2025**
Signature of attorney for debtor                MM / DD / YYYY

**Benjamin L. Wallen**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**700 Louisiana Street**
**Suite 4500**
**Houston, TX 77002**
Number, Street, City, State & ZIP Code

Contact phone  **713-691-9385**          Email address  **bwallen@pszjlaw.com**

**24102623 TX**
Bar number and State

---

Official Form 201               Voluntary Petition for Non-Individuals Filing for Bankruptcy               page 4

**Rider 1 to Voluntary Petition**

On the date hereof, each of the affiliated entities listed below, including the Debtor in this Chapter 11 Case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

1. Adaptive 3D Technologies, LLC
2. Adaptive3D, LLC
3. Beacon Bio, Inc.
4. Brewer Tafla Dental Technologies LLC
5. Dental Arts Laboratories, Inc.
6. Desktop Labs, Inc.
7. Desktop Metal Operating, Inc.
8. Desktop Metal Securities Corporation
9. Desktop Metal, Inc.
10. EnvisionTEC US LLC
11. ExOne Americas LLC
12. ExOne Operating, LLC
13. Figur Machine Tools LLC
14. Larry Brewer Dental Lab Inc.
15. May Dental Arts, LLC
16. The Syzygy Memory Plastics Corp.

**DESKTOP METAL, INC.**
**DESKTOP METAL OPERATING, INC.**
**ADAPTIVE3D LLC**
**THE SYZYGY MEMORY PLASTICS CORP.**
**ADAPTIVE 3D TECHNOLOGIES LLC**
**DESKTOP METAL SECURITIES CORPORATION**
**ENVISIONTEC US LLC**
**FIGUR MACHINE TOOLS LLC**
**BEACON BIO INC.**
**DESKTOP LABS, INC.**
**DENTAL ARTS LABORATORIES, INC.**
**MAY DENTAL ARTS, LLC**
**LARRY BREWER DENTAL LAB INC.**
**BREWER TAFLA DENTAL TECHNOLOGIES, LLC**
**EXONE OPERATING, LLC**
**EXONE AMERICAS LLC**

**Written Consent of Directors and Managing Members**
**July 27, 2025**

The undersigned, constituting all of the members of each Consenting Body (as defined below), hereby take the following actions by unanimous written consent of such Consenting Body without a meeting pursuant to (a) the organizational documents of each Company (as defined below) and (b) Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) and 18-404(d) of the Delaware Limited Liability Company Act, Section 101.358 of Title 3 of the Texas Business Organizations Code, Section 8.21 of Chapter 156B of Title XII of Part I of the Massachusetts General Law, Section 42:2C-7 of the New Jersey Revised Uniform Limited Liability Company Act, Section 347.079 of the Missouri Revised Statutes, Section 8.45 of the Illinois Business Corporations Act, Section 1073 of the Oklahoma General Corporation Act, and Section 18-2019 of the Oklahoma Limited Liability Company Act, as applicable.

**WHEREAS**, all of the members of the board of directors or board of managers, as applicable, of each of Desktop Metal, Inc., a Delaware corporation ("*Desktop Metal*"), together with its direct and indirect domestic subsidiaries, Desktop Metal Operating, Inc., a Delaware corporation ("*Desktop Metal Operating*"), Adaptive3D LLC, a Delaware limited liability company ("*Adaptive3D*"), The Syzygy Memory Plastics Corp., a Delaware corporation ("*Syzygy*"), Adaptive 3D Technologies LLC, a Texas limited liability company ("*Adaptive 3D Technologies*"), Desktop Metal Securities Corporation, a Massachusetts corporation ("*Desktop Metal Securities*"), EnvisionTEC US LLC, a Delaware limited liability company ("*EnvisionTEC*"), Figur Machine Tools LLC, a New Jersey limited liability company ("*Figur*"), Beacon Bio Inc., a Delaware corporation ("*Beacon Bio*"), Desktop Labs, Inc., a Delaware corporation ("*Desktop Labs*"), Dental Arts Laboratories, Inc., an Illinois corporation ("*Dental Arts Laboratories*"), May Dental Arts, LLC, a Missouri limited liability company ("*May Dental Arts*"), Larry Brewer Dental Lab Inc., an Oklahoma corporation ("*Larry Brewer Dental Lab*"), Brewer Tafla Dental Technologies, LLC, an Oklahoma limited liability company ("*Brewer Tafla*"), ExOne Operating, LLC, a Delaware limited liability company ("*ExOne Operating*") and ExOne Americas LLC, a Delaware limited liability company ("*ExOne Americas*," collectively with Desktop Metal, Desktop Metal Operating, Adaptive3D, Syzygy, Adaptive 3D Technologies, Desktop Metal Securities, EnvisionTEC, Figur, Beacon Bio, Desktop Labs, Dental Arts Laboratories, May Dental Arts, Larry Brewer Dental Lab, Brewer Tafla, ExOne Operating, each, a "*Company*" and together, the "*Company Group*") (collectively, the boards of

directors and sole managing members of the Company Group, the "**Consenting Bodies**") hereby authorize and approve, in all respects, the adoption of the following resolutions set forth in this written consent;

**WHEREAS**, on April 4, 2025, Desktop Metal retained Piper, Sandler & Co. ("**Piper**") as the Company Group's investment banker and FTI Consulting, Inc. ("**FTI**") as the Company Group's financial advisor to assist the Company Group in evaluating, reviewing, and assessing potential strategic and financial alternatives for the Company, including without limitation, transactions between the Company and non-Company Group affiliates, financing, restructuring, reorganization, or recapitalization transactions;

**WHEREAS**, on May 7, 2025, the Company Group appointed Andrew Hinkelman of FTI as Chief Restructuring Officer (the "**CRO**") and Chas E. Harvick of FTI as the Company's Chief Transformation Officer ("**CTO**");

**WHEREAS**, the Consenting Bodies, with the assistance of their advisors, have continued to evaluate the financial condition of the Company Group, including the Company Group's liabilities and liquidity and the short-term and long-term prospects available to the Company Group, and considered the strategic alternatives available to the Company Group and the related circumstances and situation;

**WHEREAS**, the Consenting Bodies have determined that it is advisable and in the best interests of each Company to (a) file for immediate protection under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and (b) file or cause to be filed voluntary petitions for relief (the "**Chapter 11 Petitions**," and the cases commenced thereby, the "**Chapter 11 Cases**") pursuant to chapter 11 of the Bankruptcy Code in the United State Bankruptcy Court for the Southern District of Texas, Houston Division (the "**U.S. Bankruptcy Court**"), any and all documents necessary or convenient to effect, cause or promote the Chapter 11 Cases;

**Chapter 11 Filing**

**NOW, THEREFORE, BE IT RESOLVED**, that each Consenting Body hereby determines that it is advisable and in the best interest of each Company, as applicable, to file the Chapter 11 Petitions pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court, consistent with the resolutions set forth herein;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each of the CRO and CTO, acting alone or with one or more other authorized officer (each, an "**Authorized Officer**"), to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of each Company, as applicable, the Chapter 11 Petitions, in such form as prescribed by the Official Forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer, acting alone or with one or more other Authorized Officers, to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 Cases and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Cases, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that the Authorized Officers of the Company be, and each of them hereby is, authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the

use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

**FURTHER RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company that the Company sell substantially all of its assets and, therefore, the Company is hereby authorized to enter into one or more asset purchase agreements to effectuate such sale on such terms that management determines will maximize value, and the Company is further authorized to file motions to approve such sale and for any related relief, or to approve a sale to a higher and better bidder, and to close such sale, subject to Bankruptcy Court approval in the Company's chapter 11 proceedings;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement;

**Retention of Professionals**

**FURTHER RESOLVED**, that each Consenting Body hereby approves each applicable Company's engagement of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") as bankruptcy counsel to represent and assist the Company Group, as applicable, in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage PSZJ for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of PSZJ;

**FURTHER RESOLVED**, that each Consenting Body hereby approves each applicable Company's engagement of Piper as investment banker to represent and assist the Company Group in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Piper for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Piper;

**FURTHER RESOLVED**, that each Consenting Body hereby approves each applicable Company's engagement of FTI to represent and assist the Company Group in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, as applicable, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage FTI for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of FTI;

**FURTHER RESOLVED**, that each Consenting Body hereby approves each applicable Company's engagement of Kroll Restructuring Administration LLC ("**Kroll**") as notice, claims and solicitation agent to represent and assist the Company Group in carrying out its duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Company Group's rights and obligations, as applicable, is hereby approved, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Kroll for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kroll;

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer to employ any other professionals to assist the Company Group in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**General**

**FURTHER RESOLVED**, that each Consenting Body hereby authorizes and empowers each Authorized Officer, on behalf of each Company, as applicable, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; provided, such attestation shall not be required for the validity of any such documents;

**FURTHER RESOLVED**, that any and all actions heretofore taken by any officer, employee, or representative of any Company in its name or for its account in connection with any of the above matters are hereby in all respects ratified, confirmed and approved;

**FURTHER RESOLVED**, that each Authorized Officer is hereby authorized and empowered in the name and on behalf of each Company, to execute and deliver such agreements, instruments and documents, and to take or cause to be taken such other actions, as such Authorized Officer may determine to be necessary or advisable to implement the purposes and intent of the foregoing resolutions; each such agreement, instrument and document to be in such form and to contain such terms and conditions, consistent with the foregoing resolutions, as such Authorized Officer executing the same may approve, the execution and delivery of any such agreement, instrument or document by any Authorized Officer or the taking of such action to be conclusive evidence of such authorization and approval;

**FURTHER RESOLVED**, that this written consent may be executed and delivered by facsimile, .pdf or other electronic means, and such execution shall be considered valid, binding and effective for all purposes; and

**FURTHER RESOLVED**, that this written consent may be executed and delivered in one or more counterparts, all of which taken together shall be considered to be one and the same written consent.

[*The remainder of this page is intentionally blank.*]

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**DESKTOP METAL, INC.**

_Paul Aronzon_
Paul Aronzon
Director

_Robert Warshauer (Jul 27, 2025 15:59:13 MDT)_
Robert Warshauer
Director

**DESKTOP METAL OPERATING, INC.**

_Paul Aronzon_
Paul Aronzon
Director

_Robert Warshauer (Jul 27, 2025 15:59:13 MDT)_
Robert Warshauer
Director

**THE SYZYGY MEMORY PLASTICS CORP.**

_Paul Aronzon_
Paul Aronzon
Director

_Robert Warshauer (Jul 27, 2025 15:59:13 MDT)_
Robert Warshauer
Director

**DESKTOP METAL SECURITIES CORPORATION**

_Paul Aronzon_
Paul Aronzon
Director

_Robert Warshauer (Jul 27, 2025 15:59:13 MDT)_
Robert Warshauer
Director

**BEACON BIO INC.**

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

**DESKTOP LABS, INC.**

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

**DENTAL ARTS LABORATORIES, INC.**

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

**LARRY BREWER DENTAL LAB INC.**

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

ADAPTIVE3D LLC
ENVISIONTEC US LLC
FIGUR MACHINE TOOLS LLC
EXONE AMERICAS LLC

By: Desktop Metal Operating, Inc.,
the sole manager of each of the foregoing

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

**ADAPTIVE 3D TECHNOLOGIES LLC**

By: The Syzygy Memory Plastics Corp.,
its sole manager

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

**MAY DENTAL ARTS, LLC**

By: Desktop Labs, Inc.,
its sole manager

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

4933-5874-1078.3 18041.00001

**BREWER TAFLA DENTAL TECHNOLOGIES, LLC**

By: Larry Brewer Dental Lab Inc.
its sole manager

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

**EXONE OPERATING, LLC**

By: ExOne America LLC
its sole manager

*Paul Aronzon*
Paul Aronzon
Director

*Robert Warshauer* (Jul 27, 2025 15:59:13 MDT)
Robert Warshauer
Director

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Desktop Metal Operating, Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration   **Corporate Ownership Statement and List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 28, 2025**    X **/s/ Andrew Hinkelman**
Signature of individual signing on behalf of debtor

**Andrew Hinkelman**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name: Desktop Metal Operating, Inc.

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis) 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | U.S. Bank<br>60 Livingston Avenue<br>Saint Paul, MN 55107 | Mengka Lee<br>651.466.8534<br>mengka.lee@usbank.com | Debt Claim | Contingent, Unliquidated | | | $87,932,960.42 |
| 2. | Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | William A. Burck<br>212.538.8120<br>williamburck@quinnemanuel.com | Legal/Litigation Matter | Contingent, Unliquidated, Disputed | | | $29,187,502.97 |
| 3. | Latham & Watkins LLP<br>P.O. Box 7247-8181<br>Philadelphia, PA 19170 | Jared Nicolson<br>617.880.4593<br>jared.nicholson@lw.com | Legal/Litigation Matter | Contingent, Unliquidated | | | $8,604,633.59 |
| 4. | Stifel, Nicolaus & Company, Inc.<br>501 N. Broadway<br>Saint Louis, MO 63102 | Jason Stack<br>212.271.3868<br>jstack@stifel.com | Legal | Unliquidated | | | $2,782,875.00 |
| 5. | Align Technology, Inc.<br>P.O. BOX 742531<br>LOS ANGELES, CA  90074-2531 | Sharon Gongora<br>888.897.5261<br>sgongora@aligntech.com | Trade Debt | | | | $2,621,450.00 |
| 6. | Liberty Pattern Company<br>430 Main St.<br>PO Box 67<br>New Liberty, IA 52765 | Mariah Peterson<br>563.200.3743<br>mariah@libertypattern.com | Trade Debt | Contingent | | | $1,867,500.00 |
| 7. | Jabil<br>22682 Network Place<br>Chicago, IL 60673 | Nicholas LoBiondo<br>727-577-9749<br>Nicholas_LoBiondo@jabil.com | Trade Debt | Contingent | | | $1,740,193.03 |

4916-2347-4772.1 68700.001

Debtor **Desktop Metal Operating, Inc.**          Case number (*if known*)_____
     Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8. Young Optics Inc.<br>No. 7, Hsin-Ann Rd Hsinchu Science Park<br>Hsinchu, 30078 Taiwan | Vivan Wan<br>886.3.620.6789<br>vivian.wan@youngoptics.com | Trade Debt | Contingent, Unliquidated, Disputed | | | $989,921.91 |
| 9. Consilio Inc.<br>1828 L ST NW STE 1070<br>Washington, DC 20036 | Divya Prakash Tilara<br>202.559.3818<br>divya.tilara@consilio.com | Professional Services | | | | $893,842.41 |
| 10. Vertex-Dental B.V.<br>Centurionbaan 190 AV<br>Soesterberg, 3769 Netherlands | Florian Terpstra<br>44.1442.282651<br>Florian.Terpstra@3DSystems.com | Trade Debt | | | | $646,879.41 |
| 11. Henry Schein<br>135 Duryea Road<br>Melville, NY 11747 | 631.843.5000<br>custserv@henryschein.com | Trade Debt | | | | $569,963.99 |
| 12. Argen Precious Metals, Inc.<br>DEPT. LA 23409<br>Pasadena, CA 91185-3409 | Scott Elders<br>800.255.5524<br>selders@argen.com | Trade Debt | | | | $499,651.59 |
| 13. Federal Express<br>P.O. Box 371461<br>Pittsburgh, PA 15250 | Josh Cerbas<br>866.436.8150<br>josh.cerbas.osv@fedex.com | Trade Debt | | | | $411,368.19 |
| 14. American Express<br>PO Box 6031<br>Carol Stream, IL 60197-6031 | | Trade Debt | | | | $407,377.71 |
| 15. CDW<br>PO Box 75723<br>Chicago, IL 60675 | Vinshu Mohanan<br>866.224.6416<br>sharyac@sdw.com | Trade Debt | | | | $365,732.74 |
| 16. Nordblom Company (Building 27)<br>71 Third Ave<br>Burlington, MA 01803 | Taylor McLaughlin<br>781.238.4819<br>schenault@nordblom.com | Rent | | | | $314,435.22 |
| 17. BlackTree Technical Group, Inc.<br>45 Linden Street<br>Worcester, MA 01609 | Pat Davidson<br>508.767.3521<br>ryan@blacktreetech.com | Trade Debt | | | | $286,986.20 |
| 18. Viering, Jentschura & Partner<br>Am Brauhaus 8 1099<br>Dresden, 01099 Germany | Christina Roy<br>49.351.65638.30<br>patint@vjp.de | Legal | | | | $285,906.35 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims (on a consolidated basis)    page 2
4916-2347-4772.1 68700.001

Debtor __Desktop Metal Operating, Inc._____  Case number (*if known*)_____
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19. Acer Dental Lab  RM 903 9/F Hart Avenue Plaza  5-9 Hart Avenue  Tsim Sha Tsui,  HKG Hong Kong | Zoe  0756.8930801  accounting@shimmerdentallab.com | Trade Debt | | | | $278,904.04 |
| 20. BDO USA LLP  5300 Patterson Ave SE, Suite 100  Grand Rapids, MI 49512 | Tel. 616.575.4236  Fax. 616.776.3690 | Professional Services | | | | $252,294.24 |
| 21. Richards, Layton & Finger, P.A.  One Rodney Square  920 North King Street  Wilmington, DE 19801 | Lindsay Platt  302.651.7858  platt@rlf.com | Legal | | | | $246,520.33 |
| 22. Derse Inc.  3696 Bur Wood Drive  Waukegan, IL 60085 | Nancy Johnson  847.672.3844  lgallo@derse.com | Trade Debt | | | | $237,371.79 |
| 23. Fraunhofer IFAM  Wiener Str. 12  Bremen, 28359 Germany | Bettina Karwelis  49.421.2246.339  bettina.karwelis@ifam.fraunhofer.de | Trade Debt | | | | $231,151.98 |
| 24. Memjet Ltd.  14 Montague Lane  Dublin 2, D02 PX60 Ireland | Rachel Adams  208.794.0444  sales.ops1@memjet.com | Trade Debt | | | | $228,673.06 |
| 25. K&L Gates LLP  State Street Financial Center  One Lincoln Street  Boston, MA 02111 | Sheila Fontana  617.261.3276  sheila.fontana@klgates.com | Legal | | | | $219,103.43 |
| 26. Wise Way (HK) Trading Limited  353 Lockhart Rd Unit A  15TH Floor Sunshine Plaza  Wanchai, HKG Hong Kong | Shirley  invoice@cbd32.com | Trade Debt | | | | $213,623.50 |
| 27. Lancer Corporation  6655 Lancer Blvd  San Antonio, TX 78219 | Scott Adams  210.310.7000 | Litigation | Contingent, Unliquidated, Disputed | | | Unknown |
| 28. OMNI Control Technology, Inc.  PO BOX 444  Whitinsville, MA 01588 | warias@omnicontroltech.com | Litigation | Contingent, Unliquidated, Disputed | | | Unknown |

Official Form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims (on a consolidated basis)   page 3
4916-2347-4772.1 68700.001

Debtor  Desktop Metal Operating, Inc.
        _____          Case number (*if known*)_____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29. DSB Technologies<br>3330 Palmer Drive<br>Janesville, WI 53546 | Tel. 608.755.1900 | Litigation | Contingent, Unliquidated, Disputed | | | Unknown |
| 30. ACE Group LLC<br>3000 Montour Church Road<br>Noblestown, PA 15071 | Jennifer Williams<br>412.206.2500<br>jwilliams@acegroup.com | Litigation | Contingent, Unliquidated, Disputed | | | Unknown |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims (on a consolidated basis)    page 4
4916-2347-4772.1 68700.001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Desktop Metal Operating, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-_____ (___)<br><br>(Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

    Name:       Desktop Metal, Inc.
    Address:   63 Third Avenue
                    Burlington, MA 01803

4916-2347-4772.1 68700.001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Desktop Metal Operating, Inc.,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 25-_____ (____)<br><br>(Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS**

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Desktop Metal, Inc. | 63 Third Avenue<br>Burlington, MA 01803 | 100% |

4916-2347-4772.1 68700.001